IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:18-CR-71 (MTT) |
| | ) |
| IDRIS SHAMSID-DEEN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

The Defendant was indicted on December 11, 2018 for possession of a firearm by a person who has been convicted of a misdemeanor crime of domestic violence ("MCDV"). Doc. 1. The Defendant previously filed two motions to dismiss the indictment. Docs. 23; 35. Those motions raised several grounds, including that the jury trial waiver in the underlying MCDV conviction was defective. The Court denied those motions because the indictment is clearly sufficient to state an offense, and to the extent the Defendant's motion requested pretrial judgment as a matter of law, Eleventh Circuit precedent prohibits that. Doc. 61 (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004)). The Defendant now moves a third time to dismiss the indictment and asks the Court to conclude as a matter of law that the jury trial waiver was defective. The Defendant makes two arguments: first that his affirmative defense is actually a jurisdictional challenge, and second that the Court may rule as a matter of law that the Government lacks sufficient evidence to prove its case. Neither argument has merit.

**A. The Court has jurisdiction**

First, the Defendant argues the Court has authority under Rule 12 of the Federal Rule of Criminal Procedure to consider challenges to its jurisdiction at any time. Doc. 63 at 8. The Court agrees and considers the Defendant's jurisdictional challenge.

The Defendant argues the Court lacks jurisdiction over this case because the indictment fails to state an offense. *Id*. The indictment alleges that the Defendant,

> knowing that he had been convicted of a misdemeanor crime of domestic violence, to wit: April 3, 2014, Accusation Number 400257, Battery Under the Family Violence Act in Bibb County, Georgia, did knowingly possess a firearm, that is one (1) Gerstenberger and Ebeiwein, Model 100, .22 short caliber revolver, serial number 210364, said firearm having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

Doc. 41 at 1. The Court already ruled that the indictment is sufficient to state an offense. Doc. 61 at 2-3. Nonetheless, the Defendant argues that the state conviction referenced in the indictment does not qualify as a MCDV, as defined by the statute, because the Plaintiff neither had a jury trial nor "knowingly and intelligently waived the right to have the case tried by a jury" for that conviction. 18 U.S.C. § 921(33)(B)(iii).

In its prior order refusing to dismiss the indictment based on the alleged absence of a jury trial waiver, the Court noted that "both parties recognize that the Defendant's contention that he did not knowingly and intelligently waive the right to a jury trial in his MCDV case is an affirmative defense." Doc. 61 at 2. The Court cited the "longstanding principle that an indictment need not allege the non-applicability of an affirmative defense." *Id*.

The Defendant attempts to get around that longstanding principle by arguing that *if* the Court finds he prevails on his affirmative defense, *then* the indictment will not allege a federal offense, and thus the Court will lack jurisdiction, so the Court can consider his affirmative defense on a Rule 12 motion as a jurisdictional issue. That argument fails. It is true that if the indictment alleged conduct which, *on the face of the indictment*, is not a federal offense, then the Court would lack jurisdiction. For example, if the Government's indictment alleged that Shamsid-Deen "had possessed a firearm, having been convicted of jaywalking," then the indictment would fail to state an offense

-2-

because jaywalking is categorically not a MCDV.  That was the situation in *United States v. St. Hubert*, 909 F.3d 335, 343 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1394 (2019), which the Defendant cites at length.  In that case, the indictment for using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c) alleged the predicate offenses of Hobbs Act Robbery and attempted Hobbs Act robbery.  St. Hubert argued that those two predicate offenses categorically were not crimes of violence under § 924(c)(3).  The Eleventh Circuit held that because St. Hubert challenged whether the indictment stated an offense—a question resolved only on the face of the indictment—the issue was jurisdictional and had not been waived by St. Hubert's guilty plea.[1]  The Court found that the Hobbs Act offenses qualified as crimes of violence and affirmed his conviction.  The motion to dismiss in that case concerned the facial sufficiency of the indictment, and it did not require the court to do factfinding or to rule as a matter of law on an affirmative defense.

The Defendant does not argue that his state conviction categorically does not qualify as a MCDV.  Instead he argues, based on an affirmative defense and facts not alleged in the indictment, that this *particular* conviction does not qualify as a MCDV, because his jury trial waiver was not knowing and voluntary.

But again, the indictment is sufficient; the charged offense is clearly one over which the Court has jurisdiction; and there is no suggestion in *St. Hubert* that a Rule 12 motion allows the Court, in the guise of a jurisdictional inquiry, to look beyond the face of the indictment and rule on an affirmative defense.

---

[1] A general rule is that when an indictment is allegedly defective, that defect does not deprive the court of jurisdiction.  *United States v. Cotton*, 535 U.S. 625, 631 (2002).  *St. Hubert* relied on *United States v. Peter*, 310 F.3d 709 (11th Cir. 2002), a case where the Eleventh Circuit stated a narrow exception to St. Hubert for defective indictments that affirmatively allege a conduct that is categorically not an offense.  Neither the exception (*Peter*) nor the general rule (*Cotton*) apply here,

## B. The Court still cannot rule as a matter of law that the Government's evidence is insufficient

The Defendant makes a second argument: that "the Court has the authority to dismiss the indictment, with prejudice, because as a matter of law, the government's evidence is insufficient to establish that Shamsid-Deen has a qualifying predicate conviction – a 'misdemeanor crime of domestic violence' – to establish a violation of § 922(g)(9)." Doc. 63 at 1.

In ruling on the Defendant's previous motion to dismiss, the Court noted that

> It seems the Defendant wants the Court to conclude as a matter of fact and law that he is not a prohibited person and find him innocent. But Eleventh Circuit precedent squarely holds that "[t]here is no summary judgment procedure in criminal cases. *Nor do the rules provide for a pre-trial determination of sufficiency of the evidence* . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute . . . there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (emphasis added) (quotation marks and citations omitted).

Doc. 63 at 3; *see also United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The Defendant's latest motion again asks the Court to find, "as a matter of law, [that] the undisputed evidence is insufficient to establish that Mr. Shamsid-Deen has a qualifying predicate." *Id.* at 12. And again, that clearly runs afoul of the Eleventh Circuit's prohibition against "a pre-trial determination of sufficiency of the evidence." *Salman* at 1268.

The Defendant argues that "Rule 12(b)(1) provides a limited exception to the typical rule that the sufficiency of the indictment is based only on what it contains." Doc. 63 at 13. When the facts are undisputed, the Defendant argues, the Court may address the question as a matter of law. *Id.* at 13-15.

The district court in *Salman* did just that. It dismissed an indictment charging possession of ammunition by an alien unlawfully in the United States because the Court determined, based on undisputed facts, that the Defendant "was not 'illegally or unlawfully in the United States' at the time he allegedly possessed the subject firearms and ammunition." *United States v. Salman*, 266 F. Supp. 2d 1367, 1374 (M.D. Fla. 2003). While acknowledging there is "no summary judgment procedure in criminal cases," the court ruled that "when the material facts are undisputed and the infirmity in the prosecution is essentially one of law, resolution of the matter by means of motion to dismiss is appropriate." *Id.* at 1373 (quotation marks and citations omitted). But the Eleventh Circuit reversed and "reject[ed] [the] view" that "Federal Rule of Criminal Procedure 12 provides a basis for granting a pre-trial motion to dismiss a criminal indictment." *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). It further noted that other circuits have distinguished between Rule 12 motions to dismiss based on insufficient evidence and motions to dismiss based on questions of law. But the Eleventh Circuit "do[es] not distinguish between the two classes because we find that there is currently no authority within the Federal Rules of Criminal Procedure for granting a motion to dismiss predicated on the insufficiency of the evidence, whether it be based in fact or law." *Salman*, 378 F.3d at 1269.[2]

In sum, even if the facts were undisputed and the conclusion to draw from those facts were clear, the Court still could not grant the Defendant the relief he wants.

---

[2] Nor does the Defendant's expansive discussion of out-of-circuit authority help his argument. The Court is aware that other circuits have allowed judgment as a matter of law under Rule 12. *See, e.g., United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005) (". . . in contrast to the Eleventh Circuit's conclusion, dismissing an indictment based on the resolution of a legal question in the presence of undisputed facts is authorized by the Federal Rules of Criminal Procedure."). The fact that other circuit courts have reached different conclusions from the Eleventh Circuit is immaterial for resolving this motion.

**C. The proper procedure for addressing the validity of the jury waiver**

The Defendant insists that other circuits have described the issue here—whether a particular misdemeanor conviction qualifies as an MCDV under 18 U.S.C. § 922(a)(33)—as a question of law to be decided before trial. Doc. 63 at 16 (citing *United States v. Artis*, 132 F. App'x 483, 484 (4th Cir. 2005); *United States v. Stanko*, 491 F.3d 408, 412-13 (8th Cir. 2007); *United States v. Bethurum*, 343 F.3d 712, 716 (5th Cir. 2003); *United States v. Akins*, 276 F.3d 1141, 1146 (9th Cir. 2002); *United States v. Smith*, 171 F.3d 617, 621-22 (8th Cir. 1999)). But the Defendant, though he cites these cases for the proposition that the Court should decide the applicability of a 18 U.S.C. § 922(a)(33)(B) exception sometime before trial, did not consider how those courts actually addressed the issue.

Most of those cases approached the issue as an *evidentiary* question. *See Artis*, 132 F. App'x at 484 ("Artis first contends that the district court erred by granting the Government's motion in limine to prevent a collateral attack on his domestic violence conviction from being presented to the jury"); *Bethurum* at 717 (treating the issue as a question of the admissibility of evidence under Rule 104 of the Fed. R. Evid.); *see also United States v. Hartsock*, 2004 WL 1571757, at *1 (D. Me. Feb. 11, 2004) (resolving the issue under Fed. R. Evid. 104(a)); *United States v. Flower*, 29 F.3d 530, 535 (10th Cir. 1994) ("if a defendant believes that one of the prior convictions that the government seeks to use as a predicate conviction under § 922(g)(1) does not meet the legal definitional requirements of § 921(a)(20), it will be up to the defendant to challenge the admissibility of such conviction. Any such challenge must be made with specificity.").

Only two of the cited cases resolved the issue on a motion to dismiss the indictment. The first case, *Akins*, supports the Defendant's position. 276 F.3d at 1144 ("Because we agree that Akins did not knowingly and intelligently waive the right to

counsel in his previous conviction, we reverse the district court and remand with instructions to dismiss the indictment."), *overruled on other grounds*, *as recognized in United States v. Lenihan*, 488 F.3d 1175, 1178 (9th Cir. 2007). The second case, *Smith*, affirmed the district court's denial of the defendant's motion to dismiss, because it found, as a matter of law, that the defendant's waiver of the right to counsel had been voluntary. But there is no suggestion in *Smith* that a Rule 12 motion was the appropriate vehicle for the defendant's challenge to the conviction.

Finally, another court made a "preliminary ruling" of whether a prior conviction was a felony for purposes of 18 U.S.C. § 922(g)(1), without specifying in its order the procedural posture or the standard of review. *See United States v. Stanko*, 2006 WL 83403, at *6 (D. Neb. Jan. 10, 2006).[3]

The two procedural postures courts have used to resolve this question, therefore, are (1) resolving the issue as an evidentiary one and (2) addressing the issue on motion to dismiss. The second option is squarely foreclosed by Eleventh Circuit precedent, as discussed above.[4] That leaves the more common alternative: ruling on it as an evidentiary issue—whether the Defendant's MCDV conviction is admissible and, if so, whether the Defendant may argue its invalidity to the jury. Those questions are not before the Court. But a few preliminary—and without briefing, necessarily tentative— observations may be helpful.

First, the issue usually comes up in a motion to exclude the conviction. If the conviction does not meet 18 U.S.C. § 921(a)(33)'s definition of a MCDV, it is not

---

[3] In that case, the Government requested a preliminary ruling during an evidentiary hearing on other matters, and it is unclear from the district court's order what standard the court used in resolving that motion. That case is under seal, and the Court could not access a transcript of the hearing or briefings.

[4] However, if the standard were whether the Defendant can show that no reasonable jury could find the MCDV waiver was knowing and voluntary, then the Court, based on the evidence, would almost certainly decide that question in the Government's favor.

admissible to prove the MCDV element of the § 922(g)(9) offense.  Preliminary questions of admissibility are resolved by the Court under Rule 104(a), which applies to "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible" or Rule 104(b), which applies "[w]hen the relevance of evidence depends on whether a fact exists."  Fed. R. Evid. 104.  The Court decides Rule 104(a) questions by a preponderance of the evidence.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 n.10 (1993).  By contrast, evidence is excluded under Rule 104(b) only if the proponent of the evidence cannot introduce "proof . . . sufficient to support a finding that the fact does exist."  Fed. R. Evid. 104(b).  The court in *Hartsock* addressed the question under Rule 104(a) and was reversed on other grounds.  *United States v. Hartsock*, 253 F. Supp. 2d 24 (D. Me.), *rev'd,* 347 F.3d 1 (1st Cir. 2003).  The appellate court did not reach the Rule 104(a) question.  *Hartsock.*, 347 F.3d at 4 ("On appeal, Hartsock and the United States agree that whether Hartsock knowingly and intelligently waived his right to counsel is a question of law to be resolved by the judge in a Rule 104(a) hearing.").

Second, a Rule 104 ruling that the alleged MCDV conviction is admissible does not necessarily end the matter.  The Defendant may want to attack the conviction's validity at trial.  *See, e.g.*, *Artis*, 132 F. App'x 483 (affirming grant of Government's motion in limine to prevent the issue of the conviction's validity from going to a jury).  That courts have granted those motions further suggests the issue is appropriately resolved under Rule 104(a), because in a Rule 104(b) inquiry, the jury is the final finder of fact.  *See* advisory committee notes to Rule 104(b) ("The judge makes a preliminary determination whether the foundation evidence is sufficient to support a finding of fulfillment of the condition. If so, the item is admitted. If after all the evidence on the issue is in, pro and con, the jury could reasonably conclude that fulfillment of the

condition is not established, the issue is for them. If the evidence is not such as to allow a finding, the judge withdraws the matter from their consideration."). Thus in Rule 104(b) questions, the jury makes the ultimate decision about whether a condition is fulfilled; the only question for the judge is whether there is sufficient evidence to allow such a finding.

The Government recognizes that other courts have addressed the issue under Fed. R. Evid. 104, but it vacillates on whether the question is properly addressed under Rule 104(a) or 104(b). *See* Doc. 66 at 16-19. The Government first argues that "Review of the various cases to have addressed the issue show that it is properly raised in a motion brought pursuant to Federal Rule of Evidence 104(b)." *Id.* at 16. That argument, which relies on *Smith* and *Bethurum*, is not well-founded: the courts in those cases did not determine that there was sufficient evidence for the juries to find that the waivers were knowing and intelligent; instead, the courts found as a matter of law that the waivers were knowing and intelligent. 171 F.3d at 621-22; 343 F.3d at 717-18. Later, in discussing *Hartsock*, the Government argues that "an appropriate vehicle to raise this issue is a Rule 104(a) hearing." Doc. 66 at 19. The Court tentatively agrees.

The Defendant has not moved to exclude the conviction, perhaps because he originally argued that the Government must prove the waiver's inapplicability beyond a reasonable doubt. *See* Doc. 53 at 2. But the Court does not think the Defendant is disserved by its refusal to reach the merits of the Rule 12 motion, because the Rule 12 standard is certainly no more favorable to the Defendant than either of the Rule 104 standards. In any event, it is clear the Defendant's Rule 12 motion provides no basis for dismissing the indictment. Further, the Defendant's statement that "if the Court proceeded under Rule 104, it would have to follow the same procedure it would under Rule 12" is mistaken. Doc. 67 at 9. For example, the Federal Rules of Evidence do not

apply to Rule 104(a) determinations. Additionally, the Rule 104(a) and Rule 12 standards are different.

For the reasons noted, the Defendant's third motion to dismiss the indictment (Doc. 63) is **DENIED**.

**SO ORDERED**, this 31st day of January, 2020.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT